UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Ronnie Davis )
    Plaintiff )
)
       v. ) 13-1446
)
Craig Vest )
    Defendant )
)

Report & Recommendation

Plaintiff filed this case on September 19, 2013, invoking the diversity jurisdiction of this Court. On September 20, 2013, an order was entered pointing out that the invocation was inadequate and directing the filing of an amended complaint. The deadline for filing, after a few extensions of time, was January 2, 2014. On December 20, 2013, Plaintiff filed a motion to extend that deadline, stating that the Defendant RWI Transportation LLC had declined to provide counsel with the necessary information[1] to plead its citizenship. Plaintiff also asked the Court to allow him to propound discovery to the Defendants regarding their citizenship.

The burden to prove subject matter jurisdiction falls on the party seeking the federal forum. *Kokkonen v Guardian Life Insurance Co of* America, 511 US 375, 377 (1994); Chase *v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997). The complaint must aver facts that support the existence of federal jurisdiction. *Gully v First National Bank,* 299 US 109, 113, (1936); *Preston v Purtell,* 410 F2d 234, 236 (7th Cir1969); *Hallie v. Wells Fargo Bank, N.A.,* 2013 WL 1835708 (NDIN), *reconsideration denied,* 2013 WL 3872814 (NDIN). "[W]hen a party invokes subject matter jurisdiction based on diversity of citizenship, that party

---

[1] While defendant was amenable to providing an affidavit that stated none of its members were citizens of Illinois, defendant declined to identify the members or state affirmatively the states of which they were citizens. Defendant also advised that it opposed expedited discovery, although no pleading in opposition to the pending motion has been filed.

must have a *solid factual basis* supported by evidence in order to assert that the parties are indeed diverse." Savis*, Inc. v. Warner Lambert, Inc.,* 967 FSupp 632, 641 (DPR1997) [emphasis added], cited in *Sabo v Dennis Technologies, LLC*, 2007 WL 1958591 (SDIL).

The general rule is that discovery in support of invocations of diversity jurisdiction is "highly disfavored." *Sabo*, 2007 WL 1958591 at *3, As the *Savis* Court explained, the party invoking diversity jurisdiction "cannot simply expect to utilize that power which it attempts to invoke to obtain a discovery expedition for a factual justification for invoking that jurisdiction." *Id* at 641-42. See also, *Stoll v Gottlieb,* 305 US 165, 171-172 (1938) [cited in *Savis*, 957 FSupp at 642)(holding that the court's power to order discovery is circumscribed by its jurisdiction; where it has no jurisdiction, it has no power, and cannot order discovery).

It is true that in a few cases[2] such as *Boustead v Barancik*, 151 FRD 102 (EDWI 1993), and *Parkside Med. Servs. Corp. v Lincoln West Hospital, Inc.*, 1989 WL 75430 (NDIL), the Court allowed discovery regarding a defendant's principle place of business. In those cases, however, the defendants had filed a motion to dismiss, disputing the location of the principle place of business. Discovery was allowed for the limited purpose of resolving that limited question. In other words, the problem was *not* that the party invoking jurisdiction lacked the knowledge to plead jurisdiction properly, as it is here; it was that the party opposing jurisdiction had brought before the court evidence that disputed or nullified the jurisdictional allegations.

The complaint in this case does not properly plead jurisdiction in the first instance, a deficiency that was raised by the Court, not the opposing party. Plaintiff has undertaken

---

[2] It is also true that there is at least one case in which expedited discovery regarding subject matter jurisdiction has been allowed; see, *Tomkinson Dodge Inc. v Enclosed Auto Transports, LLC*, 2013 WL2476553 (NDIN). That case, however, does not include a reasoned explanation regarding the jurisdictional problems that arise in ordering a defendant to respond to plaintiff's discovery about the existence of jurisdiction.

unsuccessful extra-judicial efforts to obtain the requisite information from the defendants. What this means is that the Plaintiff cannot support his assertions of diversity unless the Court orders the defendants to provide him with the necessary information.

If plaintiff cannot meet the burden of establishing this subject matter jurisdiction without relying on this Court's power to do so, then this case should not have been filed in this Court. It should be dismissed without prejudice to re-filing in the proper state court. For that reason, I recommend that the case be dismissed without prejudice.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within ten (10) working days after service of this Report and Recommendation. FRCP 72(b); 29 USC636 (b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v Zema Systems Corp.*, 170 F3d 734, 739 (7th Cir 1999); *Video Views Inc. v Studio 21, Ltd.,* 797 F2d 538 (7th Cir 1986).

Entered: January 16, 2014

                                                                 s/ John A. Gorman

                                                                   John A. Gorman
                                                              U.S. Magistrate Judge