E-FILED
Tuesday, 04 February, 2014  11:44:02 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RONNIE L. DAVIS, ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
|    v. ) | Case No. 13-1446 |
| ) | |
| CRAIG VEST d/b/a 2nd CHANCE ) | |
| TRUCKING, RWI TRANSPORTATION, ) | |
| LLC & BRADFORD GARRETT ) | |
| ) | |
|    **Defendants.** ) | |

## O R D E R

This matter is now before the Court on the Report and Recommendation (ECF No. 27) regarding the Motion for Extension of Time to File and to Propound Discovery (ECF No. 24) issued by Magistrate Judge John A. Gorman. For the reasons stated below, the Report and Recommendation (ECF No. 27) is GRANTED, and the Motion for Extension of Time to File and to Propound Discovery (ECF No. 24) is DENIED.

### JURISDICTION

Jurisdiction in this case is unresolved. Ronnie L. Davis ("Plaintiff") filed this case on September 19, 2013, invoking the diversity jurisdiction of this Court. On September 20, 2013, an order was entered pointing out that the invocation of federal diversity jurisdiction was inadequate and directing the filing of an amended complaint. On November 4, 2013, Plaintiff filed an amended complaint. The invocation of federal diversity jurisdiction remained inadequate because Plaintiff failed to state the citizenship of the members of RWI Transportation, LLC ("Defendant") in the amended complaint. On December 12, 2013, the Court directed Plaintiff to file a second amended complaint to establish jurisdiction. On December 20, 2013, Plaintiff filed a motion to extend that deadline, stating that Defendant

declined to provide counsel with the necessary information to plead its citizenship. While Defendant was amenable to providing an affidavit that stated none of its members were citizens of Illinois, Defendant declined to identify the members of the limited liability company or state affirmatively the states of which they are citizens. Defendant also advised that it opposed expedited discovery, although no pleading in opposition to the pending motion was filed. On January 16, 2014, Magistrate Judge John A. Gorman issued a Report and Recommendation regarding the Motion for Extension of Time to File and to Propound Discovery.

## DISCUSSION

The burden to prove subject matter jurisdiction falls on the party seeking the federal forum. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). The complaint must aver facts that support the existence of federal jurisdiction. *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936); *Preston v. Purtell*, 410 F.2d 234, 236 (7th Cir. 1969). "[W]hen a party invokes subject matter jurisdiction based on diversity of citizenship, that party must have a solid factual basis supported by evidence in order to assert that the parties are indeed diverse." *Sabo v. Dennis Technologies, LLC*, No. 07-cv-283-DRH, 2007 WL 1958591 (S.D. Ill. July 2, 2007) (quoting *Savis, Inc. v. Warner Lambert, Inc.*, 967 F. Supp. 632, 641 (D.P.R. 1997)).

The general rule is that discovery in support of invocations of diversity jurisdiction is "highly disfavored." *Sabo*, 2007 WL 1958591 at *3. As the *Savis* court explained, the party invoking diversity jurisdiction "cannot simply expect to utilize that power which it attempts to invoke to obtain a discovery expedition for a factual justification for invoking that jurisdiction." *Savis, Inc.*, 967 F. Supp. at 641-42.

It is true that in a few cases that the court allowed discovery regarding a defendant's principal place of business. *Boustead v. Barancik*, 151 F.R.D. 102 (E.D. Wis. 1993); *Parkside Med. Servs. Corp. v. Lincoln W. Hosp., Inc.*, No. 89 C 2233, 1989 WL 75430 (N.D. Ill. June 20, 1989). In those cases, however, the defendants had filed a motion to dismiss, disputing the location of the principal place of business. Discovery was allowed for the limited purpose of resolving that limited question. In other words, the problem was *not* that the party invoking jurisdiction lacked the knowledge to plead jurisdiction properly, as it is here; it was that the party opposing jurisdiction had brought before the court evidence that disputed or nullified the jurisdictional allegations.

The complaint in this case does not properly plead jurisdiction in the first instance, a deficiency that was raised by the Court, not the opposing party. Plaintiff has undertaken unsuccessful extra-judicial efforts to obtain the requisite information from Defendant. What this means is that the Plaintiff cannot support his assertions of diversity unless the Court orders Defendant to provide him with the necessary information. If Plaintiff cannot meet the burden of establishing this subject matter jurisdiction without relying on this Court's power to do so, then this case should not have been filed in this Court. It should be dismissed without prejudice and can be re-filed in the proper state court.

On January 16, 2014, the parties were advised that any objection to this Report and Recommendation must have been filed in writing with the Clerk of the Court within fourteen days after service of this Report and Recommendation. FED. R. CIV. P. 72(b). In addition, the parties were advised that failure to object to the Report and Recommendation would constitute a waiver of objections on appeal. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Neither party filed an objection to the Report and Recommendation.

## CONCLUSION

For the reasons stated above, Magistrate Judge John A. Gorman's Report and Recommendation (ECF No. 27) is GRANTED.  Consequently, the Motion for Extension of Time to File and to Propound Discovery is DENIED.  This case is hereby dismissed without prejudice.  This case is now TERMINATED.

ENTERED this 4th day of February, 2014.

        /s/ Michael M. Mihm
Michael M. Mihm
United States District Judge